UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
OCT 10 2012
RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED OCT 10 2012
CLERK

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, and NATIONAL FOREIGN TRADE COUNCIL, | **PETITION FOR REVIEW** |
| Petitioners, | Case No. 12-1398 |
| v. | |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Respondent. | |

ORIGINAL

The American Petroleum Institute, Chamber of Commerce of the United States of America, Independent Petroleum Association of America, and National Foreign Trade Council (collectively, "Petitioners") respectfully petition this Court, pursuant to Rule 15(a) of the Federal Rules of Appellate Procedure and the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.*, for review of a rule of the United States Securities and Exchange Commission imposing disclosure requirements on public companies that make payments to governments for the commercial development of oil, gas, or minerals. The Commission adopted this rule at an Open Meeting on August 22, 2012. The final rule release, a copy of which is attached

hereto, was published in the Federal Register on September 12, 2012. *See Disclosure of Payments by Resource Extraction Issuers*, 77 Fed. Reg. 56,365 (Sept. 12, 2012) ("Extractive Industries Rule" or "Rule") (to be codified at 17 C.F.R. pts. 240 and 249). Petitioners also seek review, under the First Amendment to the Constitution, of the Rule and the statutory provision pursuant to which it was adopted, Section 1504 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, § 1504, 124 Stat. 1376, 2220 (2010) (codified at 15 U.S.C. § 78m(q)).

Petitioners believe that the Court has jurisdiction over this Petition because the Rule was promulgated "under the authority set forth in Sections 3(b), 12, 13, *15*, 23(a), and 36 [of] the Exchange Act." 77 Fed. Reg. at 56,417 (emphasis added). The Exchange Act provides for direct review in this Court of rules promulgated by the Commission pursuant to the following Sections of the Act: Sections 6, 9(h)(2), 11, 11A, *15(c)(5) and (6)*, 15A, 17, 17A, and 19. *See* 15 U.S.C. § 78y(b). Although the Commission did not identify the specific subsection of Section 15 pursuant to which it was promulgating the Rule, the Supreme Court has held that when a statutory provision provides for initial review in the courts of appeals and its application to the specific agency action at issue is ambiguous, that ambiguity should be resolved in favor of this Court retaining jurisdiction. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 737, 745 (1985). Moreover, a separate provision of the Exchange Act provides for immediate review in the court of appeals of SEC "orders." *See* 15 U.S.C. § 78y(a).

The Supreme Court and this Court have found that reference in a direct review provision to "orders" may permit direct appellate court review of agency rules. *See, e.g., United States v. Storer Broad. Co.*, 351 U.S. 192 (1956); *Investment Co. Inst. v. Bd. of Governors of Fed. Reserve Sys.*, 551 F.2d 1270, 1276-78 (D.C. Cir. 1977). Accordingly, Section 78y(a) appears to provide a separate basis for appellate jurisdiction.

Petitioners recognize, however, that this Court's jurisdiction in this matter is not free from doubt, and therefore in an abundance of caution have also filed a complaint setting forth their claims in the U.S. District Court for the District of Columbia. *See Investment Co. Inst.*, 551 F.2d at 1280 ("If any doubt as to the proper forum exists, careful counsel should file suit in both the court of appeals and the district court or, since there would be no [pressing] time bar to a proper action in the district court, bring suit only in the court of appeals.").

If the Court determines that it has jurisdiction, Petitioners ask that the Court hold the Rule arbitrary, capricious, and otherwise not in accordance with law under the Administrative Procedure Act (5 U.S.C. §§ 551 *et seq.*) and Section 78m(q) of the Securities and Exchange Act (15 U.S.C. 78m(q)). Petitioners also seek a declaration that Section 1504 and the Rule violate the First Amendment and are null, void, and without force and effect; vacatur of the Rule; issuance of a permanent injunction

prohibiting the Commission from implementing and enforcing the Rule; and such other relief as the Court deems appropriate.

Dated: October 10, 2012

Respectfully submitted,

Eugene Scalia / TMJ

Eugene Scalia
*Counsel of Record*
Thomas M. Johnson, Jr.
Ashley S. Boizelle
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Of Counsel*

Harry M. Ng
Peter C. Tolsdorf
American Petroleum Institute
1220 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 682-8500

*Counsel for Petitioner American Petroleum Institute*

Robin Conrad
Rachel Brand
National Chamber Litigation Center, Inc.
1615 H Street, N.W.
Washington, D.C. 20062
Telephone: (202) 463-5337

*Counsel for Petitioner Chamber of Commerce of the United States of America*

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
OCT 10 2012
RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED OCT 10 2012
CLERK

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

AMERICAN PETROLEUM INSTITUTE,
CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA,
INDEPENDENT PETROLEUM
ASSOCIATION OF AMERICA, and
NATIONAL FOREIGN TRADE COUNCIL,

Petitioners,

v.

UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION,

Respondent.

**PETITION FOR REVIEW**

Case No. 12-1398

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Circuit Rules 15(c)(3) and 26.1, Petitioners American Petroleum Institute, Chamber of Commerce of the United States of America, Independent Petroleum Association of America, and National Foreign Trade Council, state as follows:

1. Petitioner American Petroleum Institute is a non-profit, tax-exempt organization incorporated in the District of Columbia.

2. Petitioner Chamber of Commerce of the United States of America is a non-profit, tax-exempt organization incorporated in the District of Columbia.

3. Petitioner National Foreign Trade Council is a non-profit, tax-exempt organization incorporated in the State of New York.

4. International Petroleum Association of America is a non-profit, tax-exempt organization incorporated in the State of Oklahoma.

5. Petitioners are each non-stock corporations and thus have no parent organizations.

6. Because Petitioners are non-stock corporations, no publicly held corporations hold 10% or more of their stock.

7. Petitioners are unaware of any publicly held corporation that is not a party to the proceeding before this Court that has any direct financial interest in the outcome of this proceeding.

Dated: October 10, 2012

Respectfully submitted,

*Eugene Scalia /TMJ*

Eugene Scalia
*Counsel of Record*
Thomas M. Johnson, Jr.
Ashley S. Boizelle
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Of Counsel*

Harry M. Ng
Peter C. Tolsdorf
American Petroleum Institute
1220 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 682-8500

*Counsel for Petitioner American Petroleum Institute*

Robin Conrad
Rachel Brand
National Chamber Litigation Center, Inc.
1615 H Street, N.W.
Washington, D.C. 20062
Telephone: (202) 463-5337

*Counsel for Petitioner Chamber of Commerce of the United States of America*

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
OCT 10 2012
RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED OCT 10 2012
CLERK

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

AMERICAN PETROLEUM INSTITUTE,
CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA,
INDEPENDENT PETROLEUM
ASSOCIATION OF AMERICA, and
NATIONAL FOREIGN TRADE COUNCIL,

Petitioners,

v.

UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION,

Respondent.

**PETITION FOR REVIEW**

Case No. 12-1398

**PETITIONERS' PROVISIONAL CERTIFICATE**
**<u>AS TO PARTIES, RULINGS, AND RELATED CASES</u>**

Pursuant to Circuit Rules 15(c)(3) and 28(a)(1), Petitioners American Petroleum Institute ("API"), Chamber of Commerce of the United States of America ("the Chamber"), Independent Petroleum Association of America ("IPAA"), and National Foreign Trade Council ("NFTC"), state as follows:

**(A) Parties and Amici:**

The parties in this case are API (Petitioner), the Chamber (Petitioner), IPAA (Petitioner), and NFTC (Petitioner), and the United States Securities and Exchange Commission (Respondent). There currently are no intervenors or amici.

API is a national trade organization representing over 500 companies involved in all aspects of the domestic and international oil and natural gas industry, including exploration, production, refining, marketing, distribution, and marine activities.

The Chamber is the world's largest business federation. The Chamber represents 300,000 direct members and indirectly represents an underlying membership of more than three million businesses and organizations of all sizes, sectors, and regions. Its members include many of the leading public companies in the oil, natural gas, and mining industries. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly participates in cases that raise issues of vital concern to America's business community.

The IPAA has represented independent oil and natural gas producers for three-quarters of a century. It serves as an informed voice for the exploration and production segment of the industry, and advocates its members' views before the U.S. Congress, the Administration, federal agencies, and the courts.

The NFTC is the premier business organization advocating a rules-based world economy. Founded in 1914 by a group of American companies that supported an open world trading system, the NFTC and its affiliates now serve more than 300 member companies through offices in Washington and New York.

**(B) Rulings Under Review:**

Under review in this case is a final rule promulgating regulations requiring public disclosure of payments to the U.S. or foreign governments by public companies engaged in the commercial development of oil, gas, or minerals. The Rule was adopted by the Commission at an open meeting on August 22, 2012. It was published in the Federal Register on September 12, 2012. *See* Disclosure of Payments by Resource Extraction Issuers, 77 Fed. Reg. 56,365 (Sept. 12, 2012) (to be codified at 1.7 C.F.R. Parts 240 and 249). Petitioners also bring a constitutional challenge to the statutory provision pursuant to which the Rule was promulgated, Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank"), Pub. L. No. 111-203, § 1504, 124 Stat. 1376, 2220 (codified at 15 U.S.C. § 78m(q)).

**(C) Related Cases:**

Although Petitioners submit that this Court has jurisdiction to adjudicate their claims in the first instance, Petitioners also are filing suit in the U.S. District Court

for the District of Columbia relating to the same claims, out of an abundance of caution.

Dated: October 10, 2012

Respectfully submitted,

Eugene Scalia /TMJ

Eugene Scalia
*Counsel of Record*
Thomas M. Johnson, Jr.
Ashley S. Boizelle
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Of Counsel*

Harry M. Ng
Peter C. Tolsdorf
American Petroleum Institute
1220 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 682-8500

*Counsel for Petitioner American Petroleum Institute*

Robin Conrad
Rachel Brand
National Chamber Litigation Center, Inc.
1615 H Street, N.W.
Washington, D.C. 20062
Telephone: (202) 463-5337

*Counsel for Petitioner Chamber of Commerce of the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a true and correct copy of the Petition for Review, Corporate Disclosure Statement, and Petitioners' Provisional Certificate as to Parties, Rulings, and Related Cases via hand delivery this 10th day of October, 2012, upon the following:

U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549

United States Attorney for the District of Columbia
555 4th Street, NW
Washington, D.C. 20530

The Honorable Eric H. Holder, Jr.
Attorney General of the United States
U.S. Department of Justice
Room 4400
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Thomas M. Johnson, Jr.