**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, and NATIONAL FOREIGN TRADE COUNCIL,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Respondent. | Case No. 12-1398 |

---

# EMERGENCY MOTION

---

# PETITIONERS' MOTION TO DETERMINE JURISDICTION

---


Harry M. Ng
Peter C. Tolsdorf
American Petroleum Institute
1220 L Street, NW
Washington, DC 20005
Phone: (202) 682-8500

*Counsel for Petitioner American Petroleum Institute*

Robin S. Conrad
Rachel Brand
National Chamber Litigation Center, Inc.
1615 H Street, NW
Washington, DC 20062
Phone: (202) 463-5337

*Counsel for Petitioner Chamber of Commerce of the United States of America*

Eugene Scalia
*Counsel of Record*
Thomas M. Johnson, Jr.
Ashley S. Boizelle
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036
Phone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for Petitioners*

## INTRODUCTION

With this motion, Petitioners ask this Court to determine whether it will exercise jurisdiction over this case. Petitioners believe that jurisdiction lies in this Court, but the matter is not free from doubt. Accordingly, Petitioners have followed this Court's guidance and filed a complaint in federal district court also. *See Inv. Co. Inst. v. Bd. of Governors of Fed. Reserve Sys.*, 551 F.2d 1270, 1280 (D.C. Cir. 1977) ("If any doubt as to the proper forum exists, careful counsel should file suit in both the court of appeals and the district court or, since there would be no [pressing] time bar to a proper action in the district court, bring suit only in the court of appeals."). The Petition for Review and federal court complaint were both filed last Wednesday, October 10.

Petitioners respectfully request an expeditious determination of whether the Court will exercise jurisdiction, **and ask for a decision by November 7, 2012.** Petitioners' concern is that if the appropriate forum is not determined until after briefing and arguments on the merits, they face the risk of proceeding in this Court during its 2012 Term, only to learn at the end that they must begin anew in District Court, with any relief likely deferred well into 2014. As briefly explained below,

however, the rule in issue in this case will impose significant costs on Petitioners' members in advance of that time.[1]

Petitioners therefore request an expedited ruling regarding jurisdiction so they may move forward promptly in the appropriate court to avoid irreparable harm.

## FACTUAL AND PROCEDURAL BACKGROUND

**1.** This case is before the Court on a petition to review a final rule of the Securities and Exchange Commission (the "SEC" or "Commission"). The Rule requires public companies to file reports with the SEC that disclose payments of more than $100,000 that were made to the U.S. and foreign governments for the commercial development of oil, gas, and minerals. *See* Disclosure of Payments by Resource Extraction Issuers, 77 Fed. Reg. 56,365 (Sept. 12, 2012) (the "Rule"). The reports are to be publicly available. Petitioners challenge the Rule under the Administrative Procedure Act and the Securities Exchange Act. They also contend that the Rule, and the statutory provision that authorized it, violate the First Amendment.

The Commission has said that the disclosures required by the Rule will provide "transparency" that will "help empower citizens of . . . resource-rich countries

---

[1] Petitioners expect to move separately in the near future for a stay of the rule under review or, alternatively, for expedited briefing of the case on the merits.

to hold their governments accountable for the wealth generated by those resources." *Id.* at 56,366/1. Petitioners are concerned, however, that the disclosures will cause their members to lose potentially billions of dollars in contracts with foreign governments, some of which prohibit disclosure of the information that the Rule makes public. In the rulemaking the Commission said these concerns "appear warranted" and that "host country laws that prohibit the type of disclosure required under the final rules" could "add *billions of dollars* of costs" for affected companies. *See id.* at 56,411/1, 56,412/1 (emphasis added). This is on top of at least $1 billion in "initial" compliance costs and $200 to $400 million in ongoing compliance costs. *Id.* at 56,398/1.

Petitioners also believe that the disclosure requirements would cause competitive injury by giving other market participants commercially sensitive information about contracts' financial terms, to the benefit of competitors such as foreign state-owned oil companies that are not subject to the disclosure regime. *See* Chamber of Commerce, Institute for 21st Century Energy Comment at 2 (Mar. 2, 2011); 77 Fed. Reg. at 56,371/2 & n.66 (collecting comments).[2]

---

[2] The public disclosure of competitively sensitive information has been recognized to cause irreparable harm, *see Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1317 (1983) (trade secrets), and this Court has said that in the oil and gas industry specifically, "[b]id files are considered highly confidential by the pro-

[Footnote continued on next page]

The first reports under the Rule will be due in early 2014. *See* 77 Fed. Reg. at 56,365/2, 56,418/2 (companies must comply for fiscal years ending after September 30, 2013; reports due within 150 days of fiscal year's conclusion). As noted, however, the Commission estimates "initial" compliance costs of $1 billion, and Petitioners' members risk irreparable harm from, among other things, foreign governments anticipatorily declining to enter or renew contracts whose terms would become public after the compliance date.

In view of these substantial costs, Petitioners seek an expeditious determination of jurisdiction so they may move forward promptly in the appropriate court.

**2.** The Securities Exchange Act provides for direct review in the courts of appeals of rules promulgated pursuant to a number of sections of the Act, including Sections 15(c)(5) and (6). *See* 15 U.S.C. § 78y(b). In adopting the Rule at issue here, the Commission identified Section 15 of the Act, among others, as authority for the Rule. It did not identify subsections 15(c)(5) and (6) specifically.

A separate provision of the Exchange Act provides for immediate review in the court of appeals of SEC "orders." *See id.* § 78y(a). This Court and the Supreme Court have interpreted the term "orders" in similar provisions to permit im-

[Footnote continued from previous page]

ducers; a competitor who had access to the bidding model developed at high cost by another producer could easily outbid his opponent." *FTC v. Texaco*, Inc., 55a5 F.2d 862, 876 (D.C. Cir. 1977).

mediate review of agencies' rules. *See United States v. Storer Broad. Co*., 351 U.S. 192 (1956); *Inv. Co. Inst. v. Bd. of Governors of Fed. Reserve Sys*., 551 F.2d 1270, 1276 (D.C. Cir. 1977); *and see Business Roundtable v. SEC*, 647 F.3d 1144 (D.C. Cir. 2011). Petitioners understand the Commission to interpret Section 78y(a) to provide jurisdiction in the circumstances presented here, as discussed below.

Petitioners believe these provisions give this Court jurisdiction but, because the matter concededly is not free from doubt, they filed a complaint in the District Court for the District of Columbia on the same day (October 10) that the Petition for Review was filed here. (That proceeding has been assigned Case No. 1:12-cv-01668-JDB.)

## ARGUMENT

The "normal default rule" in this Court is that "persons seeking review of agency action go first to district court rather than to a court of appeals." *Int'l Bhd. of Teamsters v. Pena*, 17 F.3d 1478, 1481 (D.C. Cir. 1994). However, when a statute places review of agency action in the courts of appeals and the statute's application to a particular agency action is unclear, the Supreme Court has indicated that the court should resolve that ambiguity in favor of appellate court jurisdiction. "Absent a firm indication that Congress intended to locate initial APA review of agency action in the district courts," the Court stated, "we will not presume that

Congress intended to depart from the sound policy of placing initial APA review in the courts of appeals." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 745 (1985). The Court reasoned that "[p]lacing initial review in the district court [has] the negative effect . . . of requiring duplication of the identical task in the district court and in the court of appeals; both courts are to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review." *Id.* at 744; *see also* 2 Richard J. Pierce, Administrative Law § 18.2 (4th ed. 2002) ("A sensible system of judicial review would allocate to circuit courts review of all agency actions that are likely to raise major issues of law or policy and that can be reviewed based exclusively on the record created at the agency.").

This Court has repeatedly followed the approach delineated in *Lorion*, explaining: "[W]hen a statute . . . grant[s] direct review, but its application to the agency action in question is 'ambiguous,' we will 'not presume' that 'Congress intended to locate initial APA review of agency action in the district courts' rather than the courts of appeals—'absent a firm indication that Congress [so] intended.'" *Nat'l Auto. Dealers Ass'n v. F.T.C.*, 670 F.3d 268, 270 (D.C. Cir. 2012) (second alteration in original) (quoting *Lorion*, 470 U.S. at 737); *see also Exportal Ltda v. United States*, 902 F.2d 45, 49 (D.C. Cir. 1990); *Nat'l Res. Def. Council v. Abraham*, 355 F.3d 179, 191–93 (2d Cir. 2004) (accepting jurisdiction because "most

acts undertaken by [the agency] under [the relevant grant of authority] are subject to review by the court of appeals, and there is no clear expression of legislative intent that [the] amendments [at issue] . . . are excepted from this requirement").

This Court has also observed that "[n]ational uniformity, an important goal in dealing with broad regulations, is best served by initial review in a court of appeals," *Nat'l Res. Def. Council v. EPA*, 673 F.3d 400, 405 n.15 (D.C. Cir. 1982). And, in a statement particularly pertinent to this case—which involves a Rule that the Commission determined threatens "billions" in costs, which will start accruing long before the first reports are filed in 2014—this Court has said that "exclusive jurisdiction in the courts of appeals . . . will eliminate unnecessary duplicative review and the delay and expense incidental thereto." *Nat'l Res. Def. Council v. Nuclear Regulatory Comm'n*, 606 F.2d 1261, 1265 (D.C. Cir. 1979).

The rule articulated in *Lorion* favors the exercise of jurisdiction here.

1. In adopting the Rule in issue, the Commission said that it was acting "under the authority set forth in Sections 3(b), 12, 13, ***15,*** 23(a), and 36 [of] the Exchange Act." 77 Fed. Reg. at 56,417/3 (emphasis added). Section 25(b) of the Exchange Act provides for direct review in the courts of appeals as follows:

> A person adversely affected by a rule of the Commission promulgated pursuant to section 6, 9(h)(2), 11, 11A, ***15(c)(5) or (6)***, 15A, 17, 17A, or 19 of this title may obtain review of this rule in the United States Court of Appeals for the circuit in which he resides or has his principal place of business or for the District of Columbia Cir-

> cuit, by filing in such court, within sixty days after the promulgation of the rule, a written petition requesting that the rule be set aside.

15 U.S.C. § 78y(b)(1).

Thus, the agency promulgated the Rule pursuant to Section 15 generally, without identifying specific subsections; the statute provides for direct review of rules adopted pursuant to certain subsections, without addressing whether jurisdiction lies in the courts of appeals for other rules as well. Given these ambiguities, this Court should resolve the uncertainty in favor of appellate jurisdiction.[3]

Petitioners are aware of a handful of cases where direct appellate court review was found to be unavailable under Section 25(b), but those decisions are inapposite—even supposing they were correctly decided—because the rules in issue did not refer in any way to the sections listed in Section 25(b). In *Levy v. SEC*, 462 F. Supp. 2d 64, 68 (D.D.C. 2006), for example, the district court held that "[b]ecause the SEC did not act pursuant to provisions directing judicial review explicitly to the circuit courts . . . , the statute does not confer jurisdiction on the circuit courts." The rule at issue was promulgated pursuant to 15 U.S.C. § 78p(b) and sections 3(a), 3(b), 10(a), 12(h), 13(a), 14, 23(a), and 36 of the Exchange Act, *id.*,

[3] Sections 15(c)(5) and (c)(6)—which are the provisions cited in the statute for direct appellate court review—authorize the Commission to promulgate rules regulating certain activities of brokers and dealers. *See* 15 U.S.C. § 78o(c)(5), (6).

none of which is mentioned in Section 78y(b) in any way. Here, the Commission referred generally to Section 15 in the final rule release. Likewise, in *Schiller v. Tower Semiconductor Ltd.*, 449 F.3d 286, 192-93 (2d Cir. 2006), the Second Circuit noted that because the Commission's power to issue an exemption did not derive from one of the sections enumerated in Section 25(b), jurisdiction lay in the district court in the first instance. Here, the Commission's power derived in part from Section 15, which includes Sections 15(c)(5) and (6).[4]

2. Section 25(a) of the Exchange Act also provides a basis for appellate court jurisdiction in this case. Section 25(a)(1) provides:

> A person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit, by filing in such court, within sixty days after the entry of the order, a written petition requesting that the order be modified or set aside in whole or in part.

15 U.S.C. § 78y(a)(1). Courts have repeatedly interpreted similarly-worded provisions to give courts of appeals jurisdiction over challenges to agency rules. *See*

---

[4] In this respect, this case differs from those in which the relevant statutes are "silent with regard to judicial review" of the action in issue. *Int'l Swaps and Derivatives Ass'n v. CFTC*, No. 11-1469 (Jan. 20, 2012) (granting motion to dismiss). Here, two separate provisions of the Exchange Act that lodge original jurisdiction in this Court may reasonably be construed to cover the agency action at issue.

*Inv. Co. Inst. v. Bd. of Governors of Fed. Reserve Sys.*, 551 F.2d 1270, 1276 (D.C. Cir. 1977) (taking jurisdiction of a challenge to a regulation under Section 9 of the Bank Holding Company Act, which provides for direct review of "orders"); *see also United States v. Storer Broad. Co.*, 351 U.S. 192 (1956) (under a statute addressed to "orders," court of appeals had jurisdiction to review an FCC order amending the agency's ownership regulations after informal rulemaking).

Petitioners understand the SEC to interpret that section to provide appellate court jurisdiction in the circumstances presented here. In *Business Roundtable v. SEC*, 647 F.3d 1144 (D.C. Cir. 2011), a challenge was brought in this Court to an SEC rule promulgated under the Exchange Act and the Investment Company Act. The Commission stated in its brief: "This Court has jurisdiction under Section 25(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78y(a) . . .." SEC Br. 6 n.1.

This Court took jurisdiction in that case without citing a specific jurisdictional basis, but the only other ground identified by the parties was another statutory provision that also provided jurisdiction as to "orders." Specifically, Section 43(a) of the Investment Company Act provides in pertinent part that "[a]ny person or party aggrieved by an *order* issued by the Commission under this subchapter may obtain a review of such *order* in the United States court of appeals within any circuit wherein such person resides or has his principal place of business, or in the

United States Court of Appeals for the District of Columbia." ICA, 15 U.S.C. § 80a-42(a) (emphases added).

Likewise, in both *Chamber of Commerce v. SEC*, 412 F.3d 133 (D.C. Cir. 2005) (*Chamber I*), and *Chamber of Commerce v. SEC*, 443 F.3d 890 (D.C. Cir. 2006) (*Chamber II*), this Court exercised original jurisdiction over a challenge to an SEC rule pursuant to Section 43(a) of the Investment Company Act, 15 U.S.C. § 80a-42(a), which refers only to "orders," not to rules. *Chamber I*, 412 F.3d at 136; *Chamber II*, 443 F.3d at 898. And, in *American Equity Investment Life Insurance Co. v. SEC*, 613 F.3d 166 (D.C. Cir. 2010), this Court exercised jurisdiction to review an SEC rule under Section 9(a) of the Securities Act of 1933, which authorizes actions by "[a]ny person aggrieved by an order of the Commission. . . ." 15 U.S.C. § 77i(a); *but see Levy*, 462 F. Supp. 2d at 67 & n.3 (under the Exchange Act, declining to review a Commission rule as an "order" under Section 25(a)).

## CONCLUSION

Two separate provisions of the Exchange Act suggest that this Court should exercise jurisdiction over this case, and decisions of the Supreme Court and of this Court indicate that any ambiguity regarding the provisions' applicability should be resolved in favor of this Court's jurisdiction.

Petitioners respectfully request that this Court determine to exercise jurisdiction on an expedited basis, so that the case may move forward promptly in the appropriate forum.

Dated: October 15, 2012

Respectfully submitted,

/s/ Eugene Scalia
Eugene Scalia
*Counsel of Record*
Thomas M. Johnson, Jr.
Ashley S. Boizelle
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for Petitioners*

*Of Counsel*

Harry M. Ng
Peter C. Tolsdorf
American Petroleum Institute
1220 L Street, NW
Washington, DC 20005
(202) 682-8500

*Counsel for Petitioner American Petroleum Institute*

Robin S. Conrad
Rachel Brand
National Chamber Litigation Center, Inc.
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

*Counsel for Petitioner Chamber of Commerce of the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2012, I caused the foregoing motion to be filed with the Clerk of Court for the United States Court of Appeals for the D.C. Circuit using the appellate CM/ECF system. I also hereby certify that I caused 4 copies to be hand delivered to the Clerk's Office.

Service was accomplished via hand delivery on the following party:

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 942-8088

October 15, 2012

__/s/ Eugene Scalia______________
Eugene Scalia