No. 12-1398

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

AMERICAN PETROLEUM INSTITUTE,
CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,
INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, and
NATIONAL FOREIGN TRADE COUNCIL,

Petitioners,

v.

SECURITIES AND EXCHANGE COMMISSION,

Respondent.

---

On Petition for Review of an Order of
the Securities and Exchange Commission

---

RESPONSE OF RESPONDENT SECURITIES AND
EXCHANGE COMMISSION TO PETITIONERS' EMERGENCY
MOTION TO DETERMINE JURISDICTION

---

The Securities and Exchange Commission agrees with petitioners that Section 25(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78y(a), which authorizes court of appeals review of "orders," gives this Court, rather than a district court, jurisdiction over this challenge to a Commission rule. *See Inv. Co. Inst. v. Bd. of Governors of Fed. Reserve Sys.*, 551 F.2d 1270, 1276-78 (D.C. Cir.

1977); 3 RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE § 18.2, 1327-31 (4th ed. 2002). We write separately to make two points.

*First*, Section 25(b) of the Exchange Act, 15 U.S.C. 78y(b), expressly grants the courts of appeals jurisdiction to review certain Commission rules, including rules promulgated under Section 15(c)(5) or (6), 15 U.S.C. 78o(5), (6). The adopting release for the rule sought to be challenged here identifies Section 15 as one statutory basis for the Commission's authority for promulgating the rule without identifying any particular subsection of Section 15. However, the relevant subsection in this case is Section 15(d), 15 U.S.C. 78o(d), which pertains to filing of information by issuers, not Sections 15(c)(5) or (6), which authorize certain rulemaking by the Commission concerning brokers and dealers.

*Second*, this Court and other courts of appeals hold that a statute that authorizes appellate court review of "orders" also authorizes review of "rules" when the review will be on a defined record assembled by the agency, so that district court review would be duplicative. *See Inv. Co. Inst.*, 551 F.2d at 1278 ("In our view, the purposes underlying [the judicial review provision] will best be served if 'order' is interpreted to mean any agency action capable of review on the basis of the administrative record."); *see also* 3 PIERCE, *supra*, at 1328-29. The potential issue that arises in this case is that Section 25(b) authorizes appellate review of rules adopted under certain Exchange Act provisions, but does not

include provisions relied on in the adoption of the rule in question here. However, a review of the legislative history of Section 25(b) and the legal landscape against which that section was adopted dispels any implication that in adopting Section 25(b), Congress intended to preclude judicial review of rules under Section 25(a).

Section 25(b) was enacted as part of the Securities Acts Amendments of 1975, 179 Pub. Laws 94-29. That Section provides for appellate court review of rules adopted pursuant to Exchange Act sections that were also enacted as part of the 1975 Act. At the time the 1975 Act was passed, decisions of this Court and of other courts of appeals held that a statute authorizing appellate court review of "orders" did not grant jurisdiction to review "rules," so that in that situation pre-enforcement review of rules was available only in the district court under the Administrative Procedure Act. *See United Gas Pipeline Co. v. FPC*, 181 F.2d 796 (D.C. Cir.) *cert. denied* 340 U.S. 827 (1950); *PBW Stock Exchange, Inc. v. SEC*, 485 F.2d 718 (3d Cir. 1973); *see also* 3 PIERCE, *supra*, 1328-29.

Accordingly, the Senate Report to the 1975 Act explained that "[a]t the present time there is no Exchange Act provision for review of Commission rules," and that "[t]herefore, review of rules, to the extent it is available, is pursuant to the Administrative Procedure Act * * * and is thus in the District Court." S. REP. NO. 75, 94th Cong., at *36, *reprinted in* 1975 U.S.C.C.A.N. 179. The Senate Report further explained that Section 25(b) "would give to any person adversely affected a

right to pre-enforcement review in the Court of Appeals of any rule promulgated under" the specified provisions of the Exchange Act. *Id.*

However, the law in this area changed substantially in 1977 when this Court decided *Investment Company Institute*, which overruled *United Gas Pipeline* and held that a statute that grants courts of appeals jurisdiction to review agency orders also confers jurisdiction to review agency rules because rules are capable of being reviewed on the basis of the administrative record and do not require a district court to compile a record for review. *See* 3 PIERCE, *supra*, 1328-29. Since that decision, the judicial consensus is that rules that are based on a full and complete evidentiary record compiled by the agency are reviewable in a court of appeals under a statute that authorizes review of orders. 3 *id.* at 1329-30

Thus, Section 25(b)'s identification of certain provisions that are expressly authorized to be reviewed in the courts of appeals merely reflects the state of the law as of 1975. It does not in any way indicate that Congress intended for Section 25(a) to be excluded from the general rule which has since been recognized by the courts following this Court's lead, that a statute that authorizes appeals court review of "orders" also authorizes review of "rules" when, as here, review is to be done on the administrative record.

Respectfully Submitted,

MICHAEL A. CONLEY
Deputy General Counsel

MARK PENNINGTON
Assistant General Counsel

s/ William K. Shirey
WILLIAM K. SHIREY
Senior Litigation Counsel

Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C. 20549
(202) 551-5043 (Shirey)

October 23, 2012

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia by using the appellate CM/ECF system on October 23, 2012. I further certify that 4 copies of the foregoing have been sent for pre-paid overnight deliver to the Clerk's Office. Finally, I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ William K. Shirey
WILLIAM K. SHIREY

October 23, 2012